*HALL COUNTY, GA (ATLANTA)*

]
**Chester James Doles**       [       Case #  AT266A0092447
    **Plaintiff**       ]
            [       1:03-CR-132-1-RWS
    **VS**       ]
            [
**United States of America**       ]
    **Defendant**       [

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JAN 24 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## Motion To Restore Plaintiff's Civil Rights

Chester James Doles, of Dahlonega, Georgia, Lumpkin County,
MAKE OATH AND SAY THAT,

1. Post Conviction Restoration of Civil Rights Defendant was sentenced to 70 months to the Federal Bureau of Prisons, by the Honorable Judge Richard Story in Atlanta, Georgia in 2003.  Now, requests that his Civil Rights be restored.

2. Judge Story hears cases in both Fulton County (Atlanta) and in Hall County (Gainesville).  I live near Gainesville and would prefer to file the motion in Hall County.

3. Plaintiff resides at the same address as he did in 2003.  He has been living at this address for over 22 years.  He has been married to the same woman for 23 years. Plaintiff currently has 13 children and 34 grandchildren.

4. Plaintiff has a deep connection within the community.  He is heavily involved with local politics.  He owns two homes in Lumpkin County. Both properties are current, with property tax paid in full.

5. Plaintiff has remained gainfully employed since being released in 2007.  He is a Certified Master Fitness Trainer with the National

Federation of Professional Trainers.  Plaintiff has received many trophies and awards as a semi-pro bodybuilder.

6. Plaintiff has volunteered and worked within the community.

7. Plaintiff has held public fundraisers to support local law enforcement.

8. Plaintiff is a legitimate and registered candidate, filed with the Secretary of State's Office in Atlanta, GA.  He is currently seeking a seat as Lumpkin County Commissioner in District 3.  Plaintiff's main concern is having his Civil Rights Restored, so that he can seek political office in the November 2022 election.

Plaintiff respectfully asks the court to sincerely consider restoring the plaintiff's Civil Rights, so that he can be a whole American Citizen as guaranteed under the US Constitution of America and the Bill of Rights.

Respectfully submitted, Chester J. Doles

STATE OF GEORGIA                          ]
                                          [
COUNTY OF LUMPKIN                         [
                                          ]
SUBSCRIBED AND SWORN TO                   [
BEFORE ME on the  24TH  day of            ]
January, 2022                             [
                                          ]
Signature                                 [
                                          ]

                                                    (Signature
                                          Chester James Doles

NOTARY PUBLIC
My commission expires

                                          647 Winters Mtn. Road
                                          Dahlonega, GA.
                                                    30533

                                          #706-973-1659.

 An official website of the United States government
Here's how you know



THE UNITED STATES
DEPARTMENT OF JUSTICE archived content from the U.S. Department of Justice website. The information here may be
ARCHIVES outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any
questions about the archive site.

## 1435. POST-CONVICTION RESTORATION OF CIVIL RIGHTS

A frequently litigated issue under § 922(g)(1) is whether a convicted felon is exempt from the prohibitions of the statute because of a post-conviction restoration of civil rights under State law. In accordance with 18 U.S.C. § 921(a)(20), a conviction does not disqualify an individual from possessing firearms if the person convicted "has had civil rights restored." In § 922(g)(1) cases based upon a State felony conviction, courts have uniformly looked to the law of the State where the conviction was obtained to determine whether the defendant's civil rights have been restored and whether such action has nullified the conviction's incidental prohibition on firearms possession. With respect to Federal felony convictions, the Supreme Court declared in *Beecham v. United States*, 511 U.S. 368 (1994), that only Federal law can nullify the effect of the conviction through expungement, pardon, or restoration of civil rights. This is so, the Court ruled, even though there is no Federal procedure for restoring the civil rights of Federal felons.

In *United States v. Ramos*, 961 F.2d 1003, 1009 (1st Cir.), *cert. denied*, ___U.S.___, 113 S. Ct. 364 (1992), the court held that the term "restored" in § 921(a)(20) requires the State to make an "individualized official judgment" that the defendant should be excepted from the prohibitions of § 922(g)(1). The Criminal Division takes the position that where State law contains any provision purporting to restore civil rights -- either upon application by the defendant or automatically upon the completion of a sentence -- it should be given effect. It is not necessary that the State issue an individualized certificate reflecting the judgment of State officials regarding an individual defendant. The *Ramos* case should be limited to its unique facts and not extended in attempts to nullify the effect of other State schemes for civil rights restoration. A State restoration document that is absolute on its face should disqualify the affected State felon from prosecution under § 922(g)(1) unless the facts of the case strongly support a finding that the felon had actual notice of his/her continuing State firearms disability despite the terms of the restoration document.

[cited in JM 9-63.500]

‹ 1433. Department Memorandum -- Keeney
Memorandum Re Bailey Decision

up

1436. Discovery Issues -- National Firearms And
Registration Transfer Record -- National Firearms Act
›

*Updated January 17, 2020*